IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN
_____

MARVIN RHODES,

                    Plaintiff,

   v.                                MEMORANDUM AND ORDER
                                          07-C-448-S

ENRIQUE LUY,

                    Defendant.
_____

    Plaintiff Marvin Rhodes was allowed to proceed on his Eighth Amendment claim against defendant Enrique Luy.  In his complaint he alleged that the defendant performed surgery on his arm without his consent which caused him unnecessary pain and suffering.

    On October 15, 2007 defendant moved to dismiss plaintiff's complaint for failure to exhaust his administrative remedies. According to this Court's October 16, 2007 scheduling order plaintiff's response to this motion was to be filed not later than November 5, 2007 and has not been filed to date.

FACTS

    Plaintiff is currently incarcerated at the Fox lake Correctional Institution, Fox Lake, Wisconsin (FLCI).  Defendant Enrique Luy is presently employed at the Racine Correctional Institution, Sturtevant, Wisconsin.

Plaintiff attempted to file an inmate complaint on his claim concerning his medical care at FLCI by Dr. Luy but his complaint was dismissed as untimely.

MEMORANDUM

Defendant seeks to dismiss plaintiff's complaint for failure to exhaust his administrative remedies pursuant to 42 U.S.C. § 1997e(a). No action shall be brought with respect to prison conditions by a prisoner confined in any jail, prison or other correctional facility until available administrative remedies are exhausted. Prisoners must file their complaints and appeals in the place and at the time the prison's administrative rules require. Pozo v. McCaughtry, 286 F. 3d 1022, 1025 (7th Cir. 2002).

In Perez v. Wisconsin Department of Corrections, 182 F.3d 532, 535 (7th Cir. 1999), the Court held as follows:

> ...a suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment.

Plaintiff has failed to exhaust administrative remedies in the manner that the prison's administrative rules require. Accordingly, plaintiff's complaint will be dismissed for his failure to exhaust his administrative remedies.

Plaintiff is advised that in any future proceedings in this matter he must offer argument not cumulative of that already provided to undermine this Court's conclusion that his complaint

must be dismissed.  See Newlin v. Helman, 123 F.3d 429, 433 (7th Cir. 1997).

ORDER

IT IS  ORDERED that defendant's motion to dismiss is GRANTED.

IT IS FURTHER ORDERED that judgment be entered in favor of defendants against plaintiff DISMISSING his complaint without prejudice for his failure to exhaust his administrative remedies.

Entered this 19th day of November, 2007.

BY THE COURT:

/s/

_____
JOHN C. SHABAZ
District Judge